UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDEN HOLLAND,

    Plaintiff,

v.                                Case No. 3:20-cv-247-J-39MCR

L.T. JOHNSON, et al.,

    Defendants.
_____

**ORDER**

    Plaintiff, Branden Holland, an inmate of the Florida penal system, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.). Plaintiff seeks to proceed as a pauper (Doc. 4). Plaintiff names as Defendants four employees of the Lake City Correctional Institution, two of whom Plaintiff identifies by their job titles only. See Compl. at 2-3. Plaintiff alleges his sexual harassment allegation was not referred to the Inspector General's office, which he contends amounts to due process and Eighth Amendment violations.[1] Id. at 3. He also complains he received a disciplinary report based on a false accusation of masturbation, which resulted in a loss of gain time and disciplinary confinement. Id. at 7, 11. Plaintiff alleges

---

[1] Plaintiff alleges a nurse said sexually explicit things to him and falsely accused him of masturbating in her presence. See Compl. at 6. Plaintiff does not name the nurse as a defendant.

emotional injuries only. Id. at 5. As relief, he asks for counsel to be appointed so he and Defendants can "come to an agreement on a settlement." Id. He also seeks an injunction (unspecified) and monetary damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

2

theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff's complaint is subject to dismissal under the Court's screening obligation because he does not allege Defendants "deprived him of a right secured under the Constitution or federal law." Id. As Defendants, Plaintiff names L.T. Johnson, a shift supervisor; Gharden, a responding employee; the "compliance manager"; and the "PREA[2] coordinator." See Compl. at 2-3. However, Plaintiff does not allege facts permitting the inference that any

---

[2] "PREA" stands for the "Prison Rape Elimination Act."

3

Defendant violated his constitutional rights. In fact, most of Plaintiff's allegations are about employees who are not Defendants. The only Defendant Plaintiff references in his factual allegations is the shift supervisor, Johnson, to whom Plaintiff's sexual harassment complaint was referred. Id. at 7.

Moreover, while Plaintiff mentions the Eighth Amendment and "due process," he fails to connect his factual allegations to alleged constitutional violations. Confusingly, on page eight, Plaintiff identifies two "issues," but they have nothing to do with his factual allegations or his purported constitutional claims. Id. at 8. In fact, it appears Plaintiff mistakenly included this page with his complaint. The issues he identifies sound like issues on appeal: he references the "appellant" and says the "lower tribunal's" authorization of a lien on his inmate bank account was an abuse of discretion. Id.

Aside from the pleading deficiencies, Plaintiff fails to state a claim for relief that is plausible on its face. The primary basis for Plaintiff's claim against Defendant Johnson (and perhaps the other named Defendants) appears to be his dissatisfaction with Johnson's investigation and resolution of his sexual harassment allegation against the nurse. Plaintiff alleges he filed a grievance reporting sexual harassment, and the responding official informed him his allegation "was referred to the shift supervisor," Defendant Johnson. Id. at 7. Plaintiff alleges Defendant Johnson

4

determined his allegation "did not rise to the level of PREA." Id. According to Plaintiff, the "investigative process . . . failed." Id. at 5.

The Eleventh Circuit has held a prisoner's claim that he is unsatisfied with a prison grievance process is frivolous because "a prison grievance procedure does not provide an inmate with a constitutionally protected interest." Bingham, 654 F.3d at 1177. To the extent Plaintiff seeks to hold Defendant Johnson responsible for his placement in disciplinary confinement, he fails to state a plausible claim for relief. See Woodson v. Whitehead, 673 F. App'x 931, 933 (11th Cir. 2016) ("The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated."). As to the loss of good-time credits, Plaintiff asserts no facts indicating he was denied due process at the disciplinary hearing. See Compl. at 7.

Plaintiff also fails to allege facts permitting the reasonable inference Defendant Johnson was deliberately indifferent to his health or safety. See Campbell v. Sikes, 169 F.3d 1353, 1364 (11th Cir. 1999) (noting that to state an Eighth Amendment claim, a prisoner must allege the prison official "actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk."). That Plaintiff was dissatisfied with Defendant Johnson's handling of his sexual harassment complaint does not permit the inference Defendant Johnson was deliberately

5

indifferent to Plaintiff's safety. On the contrary, according to Plaintiff, Defendant Johnson investigated his complaint. See Compl. at 7.

As to the other Defendants, Plaintiff alleges no facts connecting them to alleged constitutional violations. To the extent Plaintiff names them in their capacities as supervisors of Defendant Johnson, he does not state a plausible claim for relief because he fails to state an underlying constitutional violation against Defendant Johnson and the Eleventh Circuit has rejected respondeat superior as a theory of liability under § 1983. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Additionally, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Accordingly, it is now

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

6

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of May 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  Branden Holland